## ISAAC W. NAILOR *vs.* JAMES PONDER.

Sussex County, April Term, 1895.

**Slander.**—In an action of slander it is not necessary to prove the precise words of the declaration ; but only their substance.

**Same.**—Where a positive and unconditional charge has been alleged in the declaration, it must be so proved ; for if it appears from the evidence that the words charged were conditional or in the alternative, such as that "if he did it," or "I believe he did it or knows who did it," and the like, it will be a fatal variance, and will entitle the defendant to a verdict.

**Same. Malice.**—Where the words declared upon are in themselves actionable, the

law presumes malice, and it is not necessary to prove express malice to entitle the plaintiff to a verdict; for the law implies that he has received some damage.

**Same.**—Where the words are calculated to impress on the minds of the hearers a suspicion that the plaintiff had committed a criminal act, such an inference may and ought to be drawn, whatever form of expression may have been adopted, whether the words spoken implied such criminal act directly or indirectly.

**Same.**—Express malice is never implied or presumed; but may be proved either directly or indirectly. In determining this fact the jury may consider the frequency and publicity of the slander, the manner of utterance, the language used and every circumstance that shows the intent; from which facts they may gather whether the language used was the expression of indignation against the supposed crime, or was that of a heart influenced by ill-will against the plaintiff.

**Same.**—In order to find express malice, the jury must be satisfied from the evidence that in using the words imputed to him, the defendant was actuated by personal ill-will against the plaintiff and maliciously intended to do him injury.

**Slander. Damages.**—Punitive damages can only be given where there is clear proof of express malice.

**Same.**—In estimating damages, the jury may take into consideration the position, rank and influence of the defendant in the community, but must not take into consideration his pecuniary condition.

**Same.**—In estimating damages, the jury may also take into consideration the existence of general rumors or general suspicion that the plaintiff was guilty of the crime charged, prevailing in the community at or before the alleged slander. While the existence of such rumor does not justify the slander, yet, under the plea of not guilty, it is admissible in mitigation of damages.

**Slander. Burden of Proof.**—The burden is upon the plaintiff to prove by a preponderance of evidence that the defendant is guilty of uttering the words charged, and unless he so proves, the jury should find for the defendant.

This was an action on the case brought to recover damages for slanderous words alleged to have been uttered by the defendant

against the plaintiff in respect to the burning of a school house in the town of Milton, in this county, on September 20, 1892.

The plaintiff alleged in his declaration and sought to prove that the defendant in speaking about the burning of the said school house at his office in the town of Milton and in the United States Court House in the City of Wilmington said to one Elijah Register in March, 1893, " Isaac Naylor was the damn son of a bitch that burnt the school house down ; " that in April, 1893, at the town of Milton he said to one Henry P. Burton, " Isaac Nailor was the damned rascal that burnt the school house," and that in July, 1893, on the streets of Milton, he said to one Mr. Hudson in the hearing of Mrs. Hannah J. Carey, "Isaac Naylor burnt the school house down and wrote that letter; let him go with this."

The defendant pleaded not guilty. His proof was directed to show that he did not use the language imputed to him ; that what was said if anything was " that he believed Nailor knew who burnt the school house down ; that if he did not do it he knew who did do it." He also claimed that at the time of the alleged slander it was generally rumored in the neighborhood that the plaintiff was guilty of the offence charged, and that he was generally suspected of the same.

*Richards, Cullen, Bacon* and *Richardson,* for the plaintiff, requested the Court to instruct the jury upon several points, which they submitted in writing with their authorities, as follows :

1. Words directly or indirectly imputing crime are actionable in themselves, and neither express malice nor special injury need be proved to entitle the plaintiff to recover; *Goslin vs. Cannon,* 1 Harring. 3; *Kinney vs. Hosea,* 3 *id.* 77 ; *Parker vs. Blackstone, id.* 373 ; *Kennedy vs. Woodrow,* 6 Houst. 46.

2. The proof of general rumors that the plaintiff was suspected of burning the school house can only operate in mitigation of damages, and if the words have been proved to the satisfaction of the jury to have been uttered by the defendant, they being

words actionable *per se*, the plaintiff is entitled to recover ; *Morris vs. Barker*, 4 Harring. 524.

3. Character being far more sacred than property, it should be protected by courts and juries with watchful care ; *Jarnigan vs. Flemming*, 1 Morris 710 ; *Kennedy vs. Woodrow*, 6 Houst. 51.

4. If the jury believe the evidence of repetition of the slander, it gives greater publicity to the defamation and evinces greater malice ; 3 Sutherland, Damages, 650.

5. In making up their verdict the jury may take into consideration the position, rank and influence of the defendant in the community.

*Boyce, White, Saulsbury* and *Ponder*, for the defendant.

It is not sufficient that words of similar character or equivalent to those alleged be proved, but a part of the words alleged must be proved or those with the addition of others. Starkie, Evidence 274 ; *Clark vs. Brown*, 116 Mass. 504 ; *Olmstead vs. Miller*, 1 Wend. 510.

The inference of malicious intent is rebutted when the occasion and circumstances of the speaking are such as to exclude the idea of malice. Odgers, Libel and Slander 237 ; *Dale vs. Harris*, 109 Mass. 196 ; *King vs. Patterson*, 49 N. J. L. 417.

Where the time is immaterial it may be made material by the pleas, and proof of a time other than set forth in declaration or by new assignment in replacation will be a varience and fatal to the plaintiff's cause of action. Gould, Pleadings 83 ; 2 Saunders 5 a. b. (n. 3.); 16 East 423; *Randall vs. Wright*, 1 Harring. 42 ; *Eaton vs. Cook*, 32 Vt. 52.

Evidence that the slander alleged was before the uttering of it by the defendant generally reported and spoken on by others is proper to be considered in mitigation of damages and to disprove malice under the plea of general issue; *Morris vs. Baker*, 4 Harring. 520 ; *Kinney vs. Hosea*, 3 *id.* 399, note a : *Waples vs. Burton*, 2 *id.* 446 ; *Larned vs. Buffington*, 3 Mass. 546 ; *Bridgman vs. Hopkins*, 34 Vt. 532 ; *Farr vs. Rasco*, 9 Mich. 353 ; see other cases cited in 2 Camp. 251 ; 1 M. & S. 284 ; *Foot vs. Tracy*, 1

Johns. 45; *Calloway vs. Middleton,* 12 Am. Dec. 409; *Borren vs. Hall,* 20 Vt. 232; *Case vs. Marks,* 20 Conn. 248; *Wilson vs. Noonan,* 35 Wis. 321.

For the same purpose also is to be considered evidence of the absence of malice; *Gilman vs. Lowell,* 8 Wend. 572.

Proof that the defamatory matter was spoken in the presence of another than that alleged without proof that it was spoken before the one alleged is a variance and fatal to the plaintiff's case; *Paysor vs. McComber,* 85 Mass. 69.

The understanding of witnesses as to the meaning of the defamatory matter alleged is not pertinent; this is a question for the jury; Newell, Slander and Libel, 308; *Baugh vs. Hammond,* 37 Pa. 130; *Snell vs. Snow,,* 54 Mass. 278; *Gibson vs. Williams,* 4 Wend. 319; *Gribble vs. Pioneer Press Co.,* 37 Minn. 277.

LORE, C. J., (charging the jury.)

The first question for your decision is whether the defendant in fact ever uttered the words imputed to him.

The substance of the slander imputed to him is that the plaintiff burned down the school house in question. It is not necessary to prove the precise words of the declaration, but it is sufficient to prove the substance of them. The proof must be that the words were spoken in the same manner. Interrogative words proved will not support words alleged affirmatively. Words alleged to have been spoken *to* the plaintiff are not supported by words proved to have been spoken to a third person *of* the plaintiff, and where a positive and unconditional charge has been alleged in the declaration it must be so proved, for if it appears from all the evidence in the case that the words charged were conditional or in the alternative, such as that "if he did it" or "I believe he did it or knows who did it" and the like, it will be a fatal variance and will entitle the defendant to a verdict.

"The words declared upon in this case impute a crime to the plaintiff and are in themselves actionable. In such case the law presumes malice, and it is not necessary to prove express malice to

entitle the plaintiff to a verdict, for the law implies that he has received some damage. As the law is now settled, it may be laid down as a general rule that where the words are calculated to impress on the minds of the hearers a suspicion of the plaintiff's having committed a criminal act, such an inference may and ought to be drawn, whatever form of expression may have been adopted, whether the words spoken implied such criminal act directly or indirectly;" *Goslin vs. Cannon*, 1 Harring. 5.

Under the statutes of this State the burning of a school house is a felony, a high grade of crime; in this case, therefore, the words, if they were spoken, directly charged crime and are actionable in themselves.

The defendant in this case has pleaded not guilty, and thereby claims that he did not utter the words as alleged substantially.

If therefore from a preponderance of the evidence you should believe the words charged were uttered as alleged the plaintiff will be entitled to a verdict. The law in such case presumes malice and implies that the plaintiff has received some damage. It will not permit character, so sacred to every one, to be thus attacked and smirched. Before rendering such a verdict, however, you must be satisfied that the slander was uttered in substance as charged. While actions for slander are not to be encouraged, slanderers are, nevertheless, to be treated by courts and juries in such a way as to afford some reasonable protection against their unbridled tongues; *Kennedy vs. Woodrow*, 6 Houst. 52.

It is claimed for the plaintiff in this case that there is not only implied malice, which the law presumes where the words spoken impute a crime, but that express malice has been proved; that is, that the words were not only uttered, but were used in a vindictive and malevolent spirit, with malicious intent to injure the plaintiff, and that therefore he is entitled to punitive or exemplary damages.

Express malice must be proved; it is never implied or presumed. It may be proved, however, either directly or indirectly; from all the proof and circumstances surrounding the case. In de-

termining this fact, the jury may consider the frequency and publicity of the slander, if uttered at all, the manner of utterance; the language used, and all and every circumstance that shows the intent. You may gather from all these whether the language used, was the expression of indignation of a citizen interested in the town in which he lived, against the supposed crime and criminal, for the destruction of a public building, or was that of a heart influenced by ill-will against the plaintiff. In order to find express malice, you must be satisfied by the evidence in the case, that in using the words imputed the defendant was actuated by personal ill-will against the plaintiff and maliciously intended to do him injury.

If from all the evidence, you should be satisfied that the words were uttered by the defendant as alleged; that is, simply charging the crime, your verdict should be for the plaintiff, for the amount of his actual injury as proved; if not so satisfied, your verdict should be for the defendant. If you should be satisfied that he not only uttered the words, but in addition thereto, that the words were maliciously and vindictively used, with intent to injure the plaintiff, you may give exemplary damages, to punish the defendant for his wrong, without having regard to proof of actual damage. *Kennedy vs. Woodrow*, 6 Houst. 52. Punitive damages however can only be given where there is clear proof of express malice.

If your verdict should be for the plaintiff, in estimating damages you may take into consideration the position, rank, and influence of the defendant in the community. But you must not take into consideration his pecuniary condition. The damages are to be measured by the injury done, and not by the poverty or riches of either the plaintiff or the defendant. In estimating damages you may also take into consideration, the existence of general rumors or general suspicion that the plaintiff was guilty of the crime charged, prevailing in the community, at or before the alleged slander, if any such there were. While the existence of such rumor, does not justify slander, yet under the plea of not guilty, it is admissible in mitigation of damages; and properly so, in order that the jury may judge, how far the injury complained of may have

Charge.

been the result of such general rumor, and how much may have been peculiarly and specially produced by the utterance of the defendant alone. The defendant can be held liable only, if at all, for so much of the injury as he has caused, and not for that caused by general rumor which is the act of other people. This also gives the jury an opportunity to judge, how far the suffering and injury growing out of such general rumor is increased or intensified by the contribution of the defendant thereto.

The law presumes that the defendant is innocent of the offense charged. It is, therefore, incumbent upon the plaintiff, and the burden is upon him, to prove to your satisfaction by a preponderance of proof, that the defendant is guilty, and unless he shall so prove, your verdict should be for the defendant.

Where evidence is conflicting, as in this case, you should harmonize it if you can, and deduce from all the evidence a just conclusion. If unable so to harmonize it, you should accept such evidence, as from all the circumstances is most credible, taking into consideration the reasonable probabilities of the case, and the apparent knowledge, intelligence and fairness of the witnesses and their opportunities for obtaining correct information.

You have heard all the evidence, and of that evidence you are the sole judges. It is now your duty under the solemn sanction of your oaths to weigh and consider it carefully, and under the law govering the case as above laid down to you by the Court, to render a verdict thereon, such as your conscince shall approve as just and right, having regard only to the evidence heard by you in this court room upon that witness stand.

*Verdict for the defendant.*